UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NATHANIEL BROUSSARD** | **CASE NO. 2:21-CV-00355** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss and Motion for Summary Judgment [doc. 3], filed by the government and seeking dismissal of plaintiff's FTCA suit on the basis of prescription. Plaintiff opposes the motions. Doc. 5. The matter came before the court for hearing on June 3, 2021, and the undersigned now issues this ruling.

### I.
### BACKGROUND

This suit arises from a motor vehicle collision that occurred on November 14, 2019, between plaintiff and a United States Postal Service driver in Sulphur, Louisiana. Plaintiff presented an administrative claim to USPS via Standard Form 95 on December 2, 2019. Doc. 3, att. 2, pp. 5–6. There he claimed $15,169.58 in property damage to the vehicle he was driving as a result of the accident. *Id.* Under the space provided for personal injury claims, he stated "None so far." *Id.* On March 26, 2020, USPS responded with a letter denying the claim because it had been turned over to plaintiff's insurance. *Id.* at 7–8. In the letter USPS also provided that plaintiff could file suit within six months if dissatisfied with

the result or file a written request for reconsideration with USPS within the same time period. *Id.*

On November 10, 2020, plaintiff's counsel submitted another SF-95 form to USPS arising from the above accident. This claim was submitted on behalf of plaintiff's spouse, Belinda Broussard, as owner of the involved vehicle and sought $15,169.58 in property damage. Doc. 5, att. 1, pp. 1–4. On December 1, 2020, plaintiff's counsel also submitted an SF-95 form on behalf of plaintiff seeking $2,000 in personal injury damages resulting from lower back injuries plaintiff allegedly sustained in the accident. Doc. 3, att. 2, pp. 8–12. USPS responded via letter dated February 2, 2021, stating that it was without legal authority to take action on the new claims because the time had passed to seek reconsideration of the March 2020 denial and the Broussards "are not entitled to submit more than one claim resulting from the November 14, 2019 motor vehicle collision." *Id.* at 13.

On February 9, 2021, Plaintiff filed suit in this court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, raising his personal injury claim. Doc. 1. The government now moves to dismiss the suit, arguing that plaintiff's claim is untimely under 28 U.S.C. § 2401(b) because he did not file suit within six months of the March 2020 denial. Doc. 3, att. 1. Plaintiff opposes the motion, maintaining that the suit is timely with the limitations period running from the February 2021 denial. Doc. 5.

2

## II.
## LAW & APPLICATION

### A. *Legal Standards*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court focuses on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice as well as documents referred to in the complaint and central to the plaintiff's claims. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Pursuant to Federal Rule of Civil Procedure 12(d), a motion to dismiss filed under Rule 12(b)(6) may be converted into a motion for summary judgment under Rule 56 where it relies on matters outside of Rule 12(b)(6)'s scope, as long as the court gives the parties a "reasonable opportunity to present all the material that is pertinent to the motion." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) (quoting Fed. R. Civ. P. 12(d)).

Here the government has moved in the alternative for summary judgment. Plaintiff does not object to the motion being considered under Rule 56, to the extent that any of the exhibits fall outside Rule 56's scope. The March 2020 SF-95 and denial were not attached to or referenced in plaintiff's complaint, and neither party points to authority within this circuit establishing these documents as matters of which the court may take judicial notice. Therefore, out of an abundance of caution, the court will consider the matter as a motion for summary judgment.

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Application

"The FTCA authorizes civil actions for damages against the United States . . . under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Under 28 U.S.C. § 2401(b), such claims must be presented to the appropriate federal agency within two years of the claim's accrual and then brought to federal court within six months of the agency's action on the claim. *See, e.g.*, *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016). The tort claim is "forever barred" unless the claimant meets both deadlines, but the limitations periods are non-jurisdictional and therefore subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 410–12 (2015) (quoting 28 U.S.C. § 2401(b)).

The Fifth Circuit, however, applies the doctrine of equitable tolling sparingly. *Ellis v. U.S. Dep't of Veterans Affairs*, 721 F. App'x 395, 397 (5th Cir. 2018). The burden lies with the plaintiff to show that equitable tolling is justified. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Possible bases for equitable tolling include (1) the pendency of a suit between the parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) where the agency has misled the plaintiff about the nature of his rights. *Id.* (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)). The Fifth Circuit has also left the door open for other bases to be recognized. *Id.*

The government states that this action is untimely because plaintiff was only entitled to submit one SF-95 relating to the subject accident, and because he failed to take any

action during the six months following the denial of his first claim. Plaintiff asserts that he did not raise his personal injury claim in his first SF-95, because he had not sought any treatment at that time and did not know that the soreness he was experiencing was enough to justify a claim for damages. Accordingly, he maintains, the March 2020 denial did not start a limitations period for filing suit on his personal injury claim.

In support of its argument that a claimant may only submit one SF-95, the government relies on the text of the FTCA and USPS regulations governing the administrative claims process. The FTCA's presentment section provides that the claimant may not institute suit against the agency for an amount in excess of that claimed in his SF-95, "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). As the government notes, this provision would be meaningless if the claimant could instead submit his SF-95s piecemeal. Additionally, USPS's implementing regulations provide procedures for amending a claim and seeking reconsideration of a denial. 39 C.F.R. §§ 912.5(b), 912.9(b)–(d). Either provision would have allowed the plaintiff to elaborate on his personal injuries, even if they remained unknown at the initial filing. Finally, the instructions on the SF-95 itself provide that "[i]f the claimant intends to file for both personal injury and property damage," he must show the amount claimed for both categories on the appropriate line of the form. Doc. 3, att. 2, p. 6. In contrast, plaintiff points to no statute, regulation, or other authority supporting his position. Instead, he relies on the fact that the denial letter only addressed his property damage claim and that nothing

in the form or any of the above-referenced provisions expressly prohibited him from filing a separate SF-95 relating to his personal injury claim.

The FTCA's presentment requirement, which necessitates the filing and review of the SF-95, provides the government with early notice of its potential liability in order to encourage early settlement of claims, decrease litigation expenses for the government, and reduce unnecessary congestion in the courts. *Adams v. United States*, 615 F.2d 284, 288–90 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980). It is well-established that "one bite at the apple is all that the FTCA's claim-filing scheme allows" and that a plaintiff cannot restart the six-month clock simply by filing a duplicative SF-95 after the window has shut on a functionally equivalent claim. *Roman-Cancel v. United States*, 613 F.3d 37, 42 (2d Cir. 2010). A claim is duplicative when it arises from the same incident allegedly giving rise to the government's liability. *Freeman v. United States*, 166 F.Supp.3d 215, 222 (D. Conn. 2016); *cf. Spinazzola v. United States*, 2019 WL 6050723 (N.D. Okla. Nov. 15, 2019) (SF-95s for medical negligence and for negligent hiring and supervision were not duplicative because the first did not give the government notice of its potential liability under the second incident).

The court is insufficiently persuaded that there is a hard and fast rule against separate injury and property claims arising from the same accident. In this scenario, however, plaintiff was clearly aware of the possibility of an injury claim when he stated "None so far" on his first SF-95. The instructions on that form and the amendment process of the SF-95 indicate that the proper procedure would be to amend that filing if circumstances changed, and that any SF-95 filed based on such a changed circumstance would be

7

duplicative. Therefore the plaintiff could not restart the limitations period by filing his second SF-95 based on the same accident. Furthermore, the court finds no basis for equitably tolling the limitations period. Plaintiff was not misled by the agency on any front, as the form language on the SF-95 in combination with the March 2020 denial letter make his obligations clear, and plaintiff presents no other basis for tolling. Accordingly, the personal injury claim is time-barred as a result of plaintiff's failure to take appropriate action within six months of the March 2020 denial.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 3] will be granted and the Motion to Dismiss [doc. 3] will be denied as moot, resulting in the dismissal with prejudice of plaintiff's suit.

**THUS DONE AND SIGNED** in Chambers on this 7th day of June, 2021.

	JAMES D. CAIN, JR.
	UNITED STATES DISTRICT JUDGE